IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

U.S DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

MAR 2 0 2026

FILED

| | | |
|---|---|---|
| RUBIN YOUNG, et al., | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | CV 125-169 |
| | * | |
| RUSHMORE LOAN MANAGEMENT | * | |
| SERVICES LLC, et al., | * | |
| | * | |
| Defendants. | * | |
| | * | |

**O R D E R**

Presently pending before the Court are Defendant Rushmore Loan Management Services LLC's ("Rushmore") motion to dismiss (Doc. 4); and Plaintiffs' motion to remand (Doc. 7); motion to remand, or in the alternative, dismiss (Doc. 12); motion for reconsideration, to remand, and for sanctions (Doc. 13); motion to remand, or in the alternative, dismiss (Doc. 17); and motion to recognize authority of co-personal representative (Doc. 21).  For the following reasons, Rushmore's motion is **GRANTED.**[1]

**I. BACKGROUND**

Plaintiffs originally filed this action in the Superior Court of Richmond County, Georgia on June 18, 2025.  (Doc. 1-1, at 1.)

---

[1] Because the motion to dismiss all claims is granted, the Court does not analyze the remaining motions.

Plaintiffs seek to claim surplus proceeds and set aside the foreclosure sale of the property located at 3414 Applejack Terrace, Augusta, Georgia 30901 (the "Property"). (Id. at 2.) The Property was owned by their deceased father, Hercules A. Young. (Id.) The Property was part of the decedent's probate estate in Miami-Dade County, Florida, Case No. 24-003462. (Id.) Plaintiffs "are the children and lawful heirs of the decedent, as established by an Affidavit of Heirship filed in Richmond County Probate Court." (Id.) On May 14, 2025, Plaintiff Rubin Young submitted a completed loss mitigation application to Rushmore to request a loan modification. (Id. at 3.) Notwithstanding the ongoing probate proceedings in Florida and the pending loss mitigation application, Rushmore proceeded with a nonjudicial foreclosure sale of the Property on June 3, 2025. (Id.)

Plaintiffs allege Rushmore violated the Real Estate Settlement Procedures Act ("RESPA") and Regulation X when it "terminated the review [of Plaintiffs' loss mitigation application] without providing any written notice, reasoning, or appeal rights," and proceeded with a foreclosure sale of the Property. (Id. at 3-5.) Plaintiffs request the Court set aside the foreclosure under O.C.G.A. § 9-13-161 because the sale was "conducted improperly, inequitably, or without legal justification." (Id. at 5.) Plaintiffs also sue Paul Hanchett, an attorney for Nationstar Mortgage, and Hattie Holmes Sullivan,

2

the Clerk of the Superior Court of Richmond County. (Id. at 2.) Plaintiffs do not assert claims against Hanchett or Sullivan explicitly, but it appears Plaintiffs intend to recover surplus foreclosure sale proceeds from either Defendant. (Id. at 4.) In sum, Plaintiffs ask the Court for the following relief: (1) "[s]et aside the foreclosure sale;" (2) "[o]rder the equitable distribution of surplus funds to [Plaintiffs];" (3) "[e]njoin the disbursement of surplus funds to any unauthorized parties;" (4) "[s]et an evidentiary hearing on this Petition;" and (5) "[g]rant such other and further relief as this Court deems just." (Id. at 6.)

On July 24, 2025, Rushmore removed the case based on federal question and diversity jurisdiction. (Doc. 1, at 1-2.) On July 31, 2025, Rushmore moved to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Doc. 4, at 1.) Plaintiffs responded untimely on January 20, 2026. (Doc. 24.) Plaintiffs also filed four motions to remand. (Docs. 7, 12, 13, 17.) Rushmore responded to all four motions. (Docs. 28, 29, 30, 31, 32, 33.) Plaintiffs also filed a motion to recognize authority of co-personal representative on December 22, 2025, which Rushmore responded to on January 22, 2026. (Docs. 21, 26.)

3

## II. LEGAL STANDARD

In considering a motion to dismiss under Rule 12(b)(6), the Court tests the legal sufficiency of the complaint. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), *overruled on other grounds by* Davis v. Scherer, 468 U.S. 183 (1984). Pursuant to Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" to give the defendant fair notice of both the claim and the supporting grounds. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). Although "detailed factual allegations" are not required, Rule 8 "demands more than an unadorned, the – defendant – unlawfully – harmed - me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555).

A plaintiff's pleading obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citation omitted). "Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557). The Court need not accept the pleading's legal conclusions as true, only its well-pleaded facts. Id. at 677-80. Furthermore, "the court may dismiss a complaint pursuant to [Rule 12(b)(6)] when, on the basis of a dispositive issue of law, no construction of the factual

4

allegations will support the cause of action." Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993) (citation omitted).

## III. DISCUSSION

The Court first considers whether it has subject matter jurisdiction before analyzing the remaining motions.

## A. Jurisdiction

Rushmore filed a timely notice of removal on July 24, 2025.[2] (Doc. 1.)   Plaintiffs seek remand, so the Court must first determine if removal was proper and whether the Court has federal subject matter jurisdiction over the case.

### 1. Removal

Rushmore removed on the basis of federal question and diversity jurisdiction.   (Doc. 1, at 1-2.)   Plaintiffs filed multiple motions to remand, yet they make arguments both for and against the Court having federal jurisdiction.   (Doc. 7, at 7-11; Doc. 24, at 3-4.)   Plaintiffs argue there is no federal question or diversity jurisdiction in their first motion to remand because, "the gravamen of this case lies in state law issues," and there is a lack of complete diversity.   (Doc. 7, at 5, 7-11.)

---

[2] Rushmore alleges it was served with a complaint without a summons on June 24, 2025.   (Doc. 1, at 2.)

5

An action that was filed in state court may be removed to federal court in two scenarios: either where the claim presents a federal question, or where diversity jurisdiction exists. 28 U.S.C. § 1441(a-b); see also Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."). Only one of these grounds is required to provide a district court with original federal subject matter jurisdiction over the case. 28 U.S.C. §§ 1331-32.

28 U.S.C. § 1331 gives district courts jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." To decide whether a claim arises under federal law, a court must determine "whether a federal question appears on the face of the plaintiff's well-pleaded complaint." Resnick v. KrunchCash, LLC, 34 F.4th 1028, 1034 (11th Cir. 2022) (citation omitted). The well-pleaded complaint rule "makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar Inc., 482 U.S. at 392 (citations omitted); see also Merrell Dow Pharms. Inc. v. Thompson, 478 U.S. 804, 809 n.6 (1986) ("Jurisdiction may not be sustained on a theory that the plaintiff has not advanced." (citations omitted)). General reference to federal law does not automatically invoke federal jurisdiction. See Thompson, 478 U.S. at 813 ("[T]he mere presence of a federal issue in a state cause

6

of action does not automatically confer federal-question jurisdiction." (citations omitted)); see also Hansard v. Forsyth Cnty., 191 F. App'x 844, 846 (11th Cir. 2006) (declining to find federal jurisdiction where recovery was based on a Georgia statute, even though the complaint stated that "Defendant's arbitrary and capricious acts have violated Plaintiffs' rights under . . . the United States Constitution, including U.S. Const. amend. V and amend. XIV, § 1"). A claim that appears to invoke federal question jurisdiction may be dismissed for lack of subject matter jurisdiction if: "(1) the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction; or (2) such a claim is wholly insubstantial and frivolous." Blue Cross & Blue Shield of Ala. v. Sanders, 138 F.3d 1347, 1352 (11th Cir. 1998) (emphasis omitted) (internal quotation marks and citation omitted).

Here, Plaintiffs bring the bulk of their claims under RESPA and Regulation X, which shows this action arises under and presents questions of federal law. (Doc. 1-1, at 4-5.) These claims are clear from the face of Plaintiffs' complaint. Although there is also a claim to set aside the unjust foreclosure sale under O.C.G.A. § 9-13-161, the Court finds the federal claims are central to the action, and they are not immaterial or wholly

7

insubstantial to Plaintiffs' case. As a result, the Court finds it has federal question jurisdiction over Plaintiffs' claims.[3]

Plaintiffs argue removal was nonetheless improper because they were not "properly served or notified of the removal as required under the Federal Rules of Civil Procedure." (Doc. 12, at 4.) Rushmore argues proper service is not required by federal statute, instead, mere written notice filed with the clerk of the state court is sufficient. (Doc. 29, at 4-5.) Rushmore asserts it "mailed written notice of removal to each Plaintiff and filed notice with the state clerk, as reflected in the federal certificate of service." (Id. at 2.)

28 U.S.C. § 1446 governs the procedure for removal of civil actions. Subsection (d) states, "[p]romptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal." 28 U.S.C. § 1446(d). Rushmore is correct that there is no requirement to serve the notice of removal through certified mail, personal service, or proof of delivery as Plaintiffs claim. (See Doc. 12, at 4, 6.)

---

[3] Because federal subject matter jurisdiction may be established through either federal question or diversity jurisdiction, for the purposes of this analysis, the finding of federal question jurisdiction alone is sufficient to determine removal was proper. 28 U.S.C. §§ 1331-32.

8

Plaintiffs also argue not all Defendants consented to the removal, so it is improper. (Doc. 7, at 8-9.) Rushmore argues it did not need the consent of the two other Defendants to remove because they were fraudulently joined, and they are nominal defendants. (Doc. 1, at 5-6.)

For removal to be proper, "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). The nominal party exception to that rule states that "nominal or formal parties, being neither necessary nor indispensable, are not required to join in the petition for removal." Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen & Assistants' Local 349, 427 F.2d 325, 327 (5th Cir. 1970).[4] "The ultimate test of whether the defendants are indispensable parties is whether in the absence of the [defendants], the Court can enter a final judgment consistent with equity and good conscience which would not be in any way unfair or inequitable to plaintiff." Id. (citation omitted).

Here, Plaintiffs do not argue why Defendants Sullivan and Hanchett are indispensable Defendants, only that they were properly served, so their consent was needed to remove the case. (Doc. 7, at 9.) Rushmore argues their consent was not needed

---

[4] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all decisions of the former Fifth Circuit Court of Appeals handed down prior to October 1, 1981.

because both Defendants are nominal since "[n]either has an immediately apparent stake requiring their consent." (Doc. 28, at 9.) Rushmore asserts this is because Defendant Sullivan is sued "in her official capacity for holding funds pursuant to statutory duty," and Defendant Hanchett "merely conducted the foreclosure as counsel without [a] personal stake in the outcome." (Id.)

Plaintiffs do not allege that the surplus foreclosure proceeds are being held by the Superior Court of Richmond County, Georgia, nor that the funds were placed into the court's registry. (Doc. 1-1, at 4.) Plaintiffs do not provide any reasoning or support to show Defendant Sullivan's connection to this action past a mere belief that she may hold the surplus proceeds. (See id.) If Defendant Sullivan is involved with the surplus proceeds, such as through an interpleader action, the Court finds she is acting in her official capacity as the Clerk of Court and is unable to transfer the proceeds to Plaintiffs independently. Cooper v. Mason, No. 125-cv-151, 2025 WL 2898994, at *4 (S.D. Ga. Oct. 10, 2025). As such, it has not been shown that Defendant Sullivan can provide the requested relief.

Rushmore states Defendant Hanchett conducted the foreclosure sale as counsel for the secured creditor, and Plaintiffs' complaint does not allege his role in the foreclosure. (Doc. 28, at 5-6; Doc. 1-1, at 4.) Plaintiffs' inclusion of Defendant Hanchett appears to be due to their belief that he may be holding the

10

surplus proceeds.   (Doc. 1-1, at 4.)   Generally, Plaintiffs' complaint against all Defendants alleges the foreclosure was "improper" and "unjust." (Id.) Rushmore cites McCarter v. Bankers Trust Co. in support of its motion, where a Georgia court "held that a law firm hired by a lender to assist it with foreclosure proceedings did not breach any tort duties owed to the borrower arising from its involvement in the foreclosure because the firm conducted the foreclosure in accordance with the terms of the deed to secure debt."   (Doc. 28, at 6 (citing 543 S.E.2d 755, 757-58 (Ga. Ct. App. 2000)).)   Plaintiffs responded within another motion to remand, asserting that Defendant Hanchett "may have a direct professional and financial interest in the outcome of the case, as [he] represent[s] a party potentially impacted by claims in this litigation."   (Doc. 17, at 12.)

The Court finds Defendant Hanchett is also a nominal Defendant because although he worked as counsel for Nationstar Mortgage and conducted the foreclosure, he is not alleged to have access to the surplus proceeds, and the Court is not convinced he has a personal or financial interest in the case outcome.   (Doc. 1-1, at 4; Doc. 28, at 5.)   Further, it has not been shown that Plaintiffs could recover their requested relief from Defendant Hanchett.

Given Plaintiffs have not shown they can receive the relief requested from Defendants Sullivan and Hanchett, they are nominal Defendants because the Court could enter a fair final judgment

11

without them.    The only indispensable Defendant is Rushmore. Therefore, their consent was not needed to remove this action.

Based on the above, the Court finds it has federal question jurisdiction over the claims. Further, consent by the two nominal Defendants was not required for Rushmore to remove the case; thus, removal is proper.

2. Standing

In its motion to dismiss, Rushmore argues Plaintiffs lacked standing when the complaint was filed because "[t]hey are not parties to the mortgage, not appointed estate representatives, and not properly before this Court," and they "cannot retroactively obtain standing."    (Doc. 27, at 6, 17.)    Rushmore asserts that because Plaintiffs failed to obtain appointment as estate representatives when the complaint was filed, they "lack the legal capacity to challenge the foreclosure of [the Property]."    (Id. at 7-8.)    Rushmore also argues Plaintiffs' affidavit of heirship does not confer standing, Georgia law's exceptions where heirs may act directly do not apply, and Plaintiffs fail to establish Article III standing because (1) they suffered no injury in fact because only the estate could sustain injury from the foreclosure; (2) "Plaintiffs cannot establish causation because they were not parties to the mortgage, the loan, or any transaction with Rushmore;" and (3) "they cannot demonstrate redressability because

12

only a properly appointed estate representative could obtain relief on behalf of the estate." (Id. at 8-9.)

Plaintiffs argue that "all legal and equitable interests in the [Property] vested immediately in the [e]state," and "[t]he [e]state's temporary inability to appear through a formally recognized representative did not extinguish . . . those vested property rights." (Doc. 24, at 2.) Plaintiffs also ask the Court to "recognize estate authority, allow substitution, and proceed as if the action had been commenced in the name of the [e]state from the outset." (Id. at 8-9.)

"Standing is a threshold jurisdictional question which must be addressed prior to and independent of the merits of a party's claims." Bochese v. Town of Ponce Inlet, 405 F.3d 964, 974 (11th Cir. 2005) (alteration adopted and citations omitted); see also Austin & Laurato, P.A. v. United States, 539 F. App'x 957, 960 (11th Cir. 2013) ("An essential prerequisite to a federal court's power to entertain a suit is an Article III case or controversy."). To establish constitutional standing under Article III, a plaintiff must show: (1) plaintiff "suffered an injury in fact;" (2) there is "a causal connection between the injury and the conduct complained of;" and (3) "that the injury will be redressed by a favorable decision." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992) (quotations and citations omitted). An injury in fact is one that is "concrete and

13

particularized," as well as "actual or imminent, not conjectural or hypothetical." Id. at 560. (citations and quotations omitted). For the causal connection, it must be "fairly traceable to the challenged action of the defendant." Id. (citation omitted and alterations adopted). Lastly, on redressability, "it must be likely, as opposed to merely speculative," that a favorable court decision will redress the injury. Id. at 561 (quotations and citation omitted).

The Court agrees with Rushmore and finds Plaintiffs lacked standing when the complaint was filed. Plaintiffs alleged they had an interest in the surplus proceeds, but there are no allegations that any of the three Plaintiffs are parties to the mortgage or that they were appointed as administrators of the estate. (See Doc. 1-1, at 1-6.) Plaintiffs' attached hardship letter written by Rubin Young lists Rubin Young as a borrower; however, the letter also states he is "writing on behalf of the [e]state" regarding the mortgage on the Property. (Id. at 10.) This shows that even at the outset of the events giving rise to this case, Plaintiffs asserted their actions were on behalf of the estate rather than their personal interests. However, in the complaint, Plaintiffs request the Court to "[o]rder the equitable distribution of surplus funds to [Plaintiffs] as rightful heirs of the [e]state." (Id. at 6.) Rushmore argues this is immaterial given none of Plaintiffs were appointed estate representatives at

14

the time of filing, and Georgia law exceptions where heirs may act do not apply. (Doc. 27, at 6-8.) As a result, it argues Plaintiffs do not have the authority to pursue claims on behalf of the estate. (Id.)

Although Plaintiffs presented an affidavit of heirship, this alone is not enough to confer standing. Generally, "[a]n action by . . . an estate must be brought or defended by the legal representatives of the estate." McCarley v. McCarley, 539 S.E.2d 871, 872 (Ga. Ct. App. 2000) (citation omitted). Additionally, "[t]he personal representative shall be entitled to possess and administer the entire estate." O.C.G.A. § 53-7-2. Plaintiffs indicate Rubin Young was appointed as a co-personal representative of the estate pursuant to post-hearing Letters of Administration ordered by the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida on October 29, 2025. (Doc. 21, at 26.) Therefore, it was not until Rubin Young was appointed as a co-personal representative in October 2025 that he was able to sue on behalf of the estate. See McCarley, 539 S.E.2d at 872. However, after Rubin Young was appointed, Plaintiffs requested that the Court "recogniz[e] Plaintiff Rubin Young's statutory and fiduciary authority to act on behalf of the [e]state," "substitut[e] the [e]state . . . as the real party in interest . . . so that this action proceeds in the name of the entity holding the legally protected interest," and "preserv[e],

15

recover[], and/or order[] an accounting of the estate-owned [Property]." (Doc. 21, at 2.) The Court finds this shows Plaintiffs' intentions to bring this case on behalf of the estate from the beginning. Importantly, at the time of filing in June 2025, no Plaintiff was authorized to act on behalf of the estate. Given this, and the principle that "[t]he existence of federal jurisdiction ordinarily depends on the facts as they exist when the complaint is filed," the Court finds Plaintiffs did not have standing individually nor did any Plaintiff have the capacity to bring the action on behalf of the estate at the time it was filed. Lujan, 504 U.S. at 569 n.4 (citation and emphasis omitted).

As to Article III standing, Plaintiffs must show that they suffered a concrete injury in fact; there is a causal connection between the injury and the conduct complained of; and that the injury can be redressed. Id. at 560. First, Rushmore argues only the estate could sustain injury from the allegedly wrongful foreclosure. (Doc. 27, at 9.) In one of their motions to remand, Plaintiffs argue they "have standing because they are direct heirs and representatives of the estate," and "the [P]roperty was systematically undervalued compared to properties in predominantly White communities in Augusta, [Georgia], creating a disparate impact and demonstrating economic harm under equal protection principles." (Doc. 12, at 4.) An injury for standing must be actual and particularized. Lujan, 504 U.S. at 560. The Court

16

notes Plaintiffs' stated injury was not alleged in their complaint, nor were they estate representatives at the time of filing. (See Doc. 1-1.) This injury is not "concrete," rather, it is overly broad and unsupported by allegations in the complaint. Lujan, 504 U.S. at 560. Further, even if Plaintiffs were able to show economic harm for the reasons they claim, the injury regarding the foreclosure sale would still be attributable to the estate rather than the Plaintiffs individually. Thus, the Court finds Plaintiffs have not shown an actual injury in fact.

As to the second element, Rushmore argues Plaintiffs cannot establish causation because they were not parties to the mortgage, the loan, or any transaction with Rushmore. (Doc. 27, at 9.) Plaintiffs argue that Rubin Young paid Rushmore $659.00 per month on the loan for seven months, "creating contractual recognition and estoppel against claims of lack of standing." (Doc. 12, at 6 (citations omitted).) A causal connection must be "fairly traceable" to the contested action by defendant. Lujan, 504 U.S. at 560 (citation omitted). The Court has outlined the relevant allegations above and finds that Plaintiffs fail to show causation between their alleged injury and Defendants' conduct in their complaint. Although the estate has an injury, Plaintiffs do not show that any injury they suffered is traceable to the actions of Rushmore. Plaintiffs now assert Rubin Young made payments on the loan for several months, but their complaint fails to allege the

17

existence of these payments or that Rubin Young was a party to the mortgage. (Doc. 12, at 6; see Doc. 1-1.) Given this, the complaint lacks allegations showing causation between Plaintiffs' purported injury and Rushmore's conduct.

Lastly, Rushmore argues Plaintiffs cannot show redressability upon a favorable verdict because only an appointed estate representative can obtain relief on behalf of the estate. (Doc. 27, at 9.) Plaintiffs do not argue this point. To be redressable, "it must be likely as opposed to merely speculative[] that the injury will be redressed by a favorable decision." Lujan, 504 U.S. at 560 (quotations and citation omitted). Indeed, it is well established above that none of the Plaintiffs were appointed as estate representatives at the time this action was filed. Given an estate representative must be the one to bring suit and seek relief on behalf of an estate, and none of the Plaintiffs were appointed when this action commenced, they are unable to show redressability at the time of filing. See McCarley, 539 S.E.2d at 872. It is therefore not likely Plaintiffs' injury will be redressed by a favorable decision because the Court cannot consider claims brought by individual Plaintiffs on behalf of the estate without appointment. In addition to the estate claims, the Court has already determined that Plaintiffs, on an individual basis, cannot meet all three requirements for standing.

18

In sum, because Plaintiffs brought suit originally for their individual interests, they lack standing because they do not allege they met all three elements.  Even if they intended to bring suit on behalf of the estate from the outset, which they argue in later filings, none of the Plaintiffs were appointed administrators or personal representatives of the estate when they filed suit. Therefore, they also lack standing to file on behalf of the estate. Given the above, the Court finds Plaintiffs lack standing to bring their claims, and as such, the motion to dismiss pursuant to Rule 12(b)(1) is **GRANTED.**

## B. Merits of Motion to Dismiss

Because Plaintiffs lack standing, the Court does not have subject matter jurisdiction over their claims.  As a result, the Court does not consider Rushmore's arguments on the merits in its motion to dismiss.

## IV. CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that Rushmore's motion to dismiss (Doc. 4) is **GRANTED.**  The Clerk is **DIRECTED** to **TERMINATE** all pending motions and deadlines, if any, and **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this _20th_ day of March, 2026.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA